# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-160-HE |
| | ) | |
| JOSEFINA SIANEZ, individually, | ) | |
| a/k/a JOSEFINA SANCHEZ, a/k/a | ) | |
| JOSEFINA C. RODRIGUEZ, d/b/a | ) | |
| J'S PLACE, a/k/a DOS RANCHEROS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is plaintiff's motion for default judgment [Doc. No. 12] against defendant Josefina Sianez, individually, and a/k/a Josefina Sanchez, a/k/a Josefina C. Rodriguez, d/b/a J's Place and a/k/a Dos Rancheros. Plaintiff's complaint asserts federal claims against defendant based on the alleged interception and unauthorized showing of the Miguel Cotto-Michael Jennings and Kelly Pavlik-Marco Antonio Rubio fights on February 21, 2009, at J's Place a/k/a Dos Rancheros, in violation of 47 U.S.C. §§ 553 and 605.[1] A conversion claim under state law also is alleged.

Plaintiff alleges that Josefina Sianez, individually, and a/k/a Josefina Sanchez, a/k/a Josefina C. Rodriguez, as an "owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management" of J's Place a/k/a Dos Rancheros, is liable for violating 47 U.S.C. § 553

---

[1]*The complaint alleges that plaintiff has exclusive, nationwide television distribution rights to the specified fight program.*

(unauthorized interception/exhibition of cable communications) and 47 U.S.C. § 605 (unauthorized interception/exhibition of satellite communications). Plaintiff has moved for default judgment, requesting statutory damages, costs and attorney's fees. Defendant was served with process and the Clerk has certified defendant's default.

Insofar as plaintiff asserts a conversion claim under Oklahoma law, the court concludes judgment is not warranted as no claim has been stated. The general rule in Oklahoma is that only tangible personal property may be converted. Welty v. Martinaire of Oklahoma, Inc., 867 P.2d 1273, 1275 (Okla. 1994). Tangible property is not involved here.

Taking the remaining allegations of the complaint as true, the court concludes a basis for plaintiff's claims against defendant have been stated and that default judgment should be entered for plaintiff. Plaintiff has elected to pursue statutory, rather than actual, damages and is entitled to a single recovery against defendant. Section 605 authorizes an aggrieved party to recover statutory damages in a sum of not less than $1000 or more than $10,000. If the court finds the statutory violation to be wilful and for purposes of commercial advantage or private financial gain, it may increase the award of damages by an amount up to $100,000.

The court concludes the appropriate amount of statutory damages attributable to defendant's conduct is $1,000, based on the pricing structure indicated by plaintiff's submissions and the number of patrons in the establishment. *See* Doc. Nos. 13-1 & 13-2. Further, accepting the allegations of the complaint as true, and taking judicial notice of

plaintiff's prior violations of the piracy statutes,[2] the court concludes that defendant's actions were willful and for purposes of commercial advantage or private financial gain. Therefore, and in light of defendant's repetitive violations, the maximum statutory penalty of $100,000 is appropriate as a penalty for the statutory violations.

Section 605 also authorizes a plaintiff's recovery of costs and reasonable attorney's fees. Plaintiff itemizes $400 in costs for the filing fee and process server expenses, which the court finds reasonable. Plaintiff also seeks $1,283.70 in attorneys' fees, which amount the court concludes is reasonable.

Accordingly, plaintiff's motion for default judgment [Doc. #12] is **GRANTED** insofar as it seeks judgment for violations of §§ 553 and 605, but is **DENIED** as to the conversion claim. Plaintiff is awarded judgment for $101,000 in statutory damages and penalty, and $1683.70 in costs and attorney's fees against defendant.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *J & J Sports Productions, Inc. v. Sanchez*, No. 10-1163-C (W.D.Okla. Jan. 13, 2011); *J & J Sports Productions, Inc. v. Sianez*, No. 08-0147-HE (W.D.Okla. April 22, 2009).